In re IMMENHAUSEN CORPORATION,
Debtor.

Bankruptcy No. 92–8656–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 17, 1994.

Charles M. Tatelbaum, Clearwater, FL,
and Elihu Fier, New York City, for debtor.

John J. Lamoureux, Tampa, FL, for Berliner Handels-und Frankfurter Bank.

**Order on Motion to Reconsider the Order on Debtor's Objection to Berliner Handels-und Frankfurter Bank's Unsecured Claim and Motion for Reclassification to Class 1 Claim Entered by the Court on September 29, 1993; Motion to Reconsider the Order on Debtor's Motion for Clarification of Debtor's Objection to Berliner Handels-und Frankfurter Bank's Unsecured Claim, and on Motion to Reconsider Order on Debtor's Objection to Berliner Handels-und Frankfurter's Unsecured Claim and Motion for Reclassification to Class 1 Secured Claim filed by Berliner Handels-und Frankfurter Bank Entered on January 26, 1994 (sic) and Motion to Allow Berliner Handels-und Frankfurter Bank an Unsecured Claim in the Debtor's Bankruptcy Case, or in the Alternative, Motion to Allow Berliner Handels-und Frankfurter Bank an Unsecured Claim for Purposes of Voting on the Debtor's Plan of Reorganization (sic)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the next Chapter in this long, and drawn-out tug-of-war between Berliner Handels-und Frankfurter Bank (BHF) and Immenhausen Corporation (Debtor). The procedural background in this yet to be confirmed Chapter 11 case had its genesis in the claim filed by BHF in the amount of $11 Million as secured and in the amount of $371,881.71 as unsecured. BHF is the holder of a mortgage encumbering the one and only asset of this Debtor, a shopping center located in Tampa, Florida. BHF also claimed a security interest in the rents and profits generated by this property.

Shortly after the commencement of the case, the Debtor filed a Motion and sought authority to use cash collateral, i.e., the rents collected from the property. On July 23, 1992, this Court entered an Order and granted the Debtor's Motion, provided that the Debtor pay to BHF adequate protection in the amount of $62,000.00 each month. It is without dispute that the Debtor has so far paid $1,178,000.00 in adequate protection and is still paying adequate protection pursuant to the Order entered on July 23, 1992.

In due course, the Debtor filed an Objection to the Unsecured Claim of BHF, together with a Motion for Reclassification of BHF's claim from unsecured to secured. The focal point of the Motion centered around a question which was not capable of easy resolution or a ready answer, which was whether or not the adequate protection payments paid by the Debtor during the pendency of the Chapter 11 case to the secured party should be credited to the interest accrued post-petition or applied to the principal, or in an indirect way applied to the pre-petition unsecured claim filed by the secured party. The Court in its Order concluded that adequate protection payments made up to that point by the Debtor in the amount of $744,000.00 should be applied first to the interest accrued post-petition, thereby eliminating the unsecured claim of BHF. The Order further provided that the surplus should be applied to the principal owed to BHF, analogizing this situation with that of a receiver where surplus rents collected by a receiver appointed in the foreclosure action should be credited against the total indebtedness of the mortgage, after all operating costs have been paid, but the mortgagee would not be entitled to keep the surplus funds as a bonus or windfall.

Based upon the foregoing, this Court in its Order of September 27, 1993, ruled that the objection to BHF unsecured claim was sustained and the Debtor's Motion for Reclassification to Class 1 Secured Claim was granted but gave BHF fifteen days from the date of the Order of September 27, 1993, to file a reduced secured claim crediting the remaining post-petition adequate protection payments to the principal. 164 B.R. 347.

On October 6, 1993, both the Debtor and BHF filed Motions to Reconsider the September 27th Order and sought a clarification of the Order, contending that the Order contained an "internal inconsistency." On January 26, 1994, this Court entered an Order and upon reconsideration found (1) that the September 27th Order was, in fact, internally inconsistent, and therefore, it was appropriate to amend the September 27, 1993 Order to provide that, in light of the fact that BHF was an undersecured creditor and was not entitled to any adequate protection payments, the adequate protection payments

made by the Debtor should be applied to the reduction of the principal balance, reducing the secured portion of BHF's claim. Unfortunately, the Order failed to reconsider the disallowance of the BHF general unsecured claim filed in the amount of $371,881.71. However, the failure to deal with this question was justified based on the record since the last Order dealing with this problem was the Order on September 27th which disallowed the unsecured claim of BHF in toto and granted leave only to file an amended secured claim. On January 26, 1994, when this Court entered its second Order, BHF obviously had no allowed unsecured claim.

The two Motions under consideration are directed to both Orders, particularly to the Order of September 27, 1993, but also indirectly to the Order of January 26, 1994, the net effect of which was a reduction of the secured claim of BHF by the amount paid by the Debtors as adequate protection and in turn a disallowance of BHF unsecured claim.

It is the contention of BHF that this court erred by disallowing the unsecured claim of BHF and by virtue of § 502(j) and F.R.B.P. 3008 this Court could and should reconsider the Order of disallowance of September 27, 1993, and upon reconsideration, allow an unsecured claim of BHF in the amount of $371,881.71 and a secured claim in the reduced amount of $9,822,000.00. The Motion filed by BHF also seeks that this Court allow BHF an unsecured claim in the amount of $371,881.71 for purposes of voting on the Debtor's Plan.

In opposition, the Debtor contends that while it is true that a court may reconsider a previous allowance or disallowance of a claim pursuant to § 502(j) or F.R.B.P. 3008 so long as the case is open, it should only do so for "good cause" and there is nothing in this record to warrant the finding that there is good cause shown by BHF to warrant the reconsideration.

BHF, having failed to appeal the September 27th Order, also filed a Motion pursuant to Fed.R.Civ.P. 60 as adopted by F.R.B.P. 9024 contending the Order was in essence in error and thus the Court should vacate and modify the previous Order of this Court entered on September 27, 1993, which disallowed the unsecured claim of BHF.

■ Without considering the ultimate substantive rights of the parties, an issue which has been expensively litigated argued and briefed, the question is whether there is a basis to find "good cause" in this record to reconsider the two Orders, especially the Order of September 27, 1993, or in the alternative, should BHF be relieved from the Order of September 27, 1993, which disallowed its unsecured claim in toto.

■ It should be stated at the outset that § 502(j) and the corresponding Bankruptcy Rule 9024 was never designed to serve as a substitute for an appeal. As a general principle, motions for reconsideration should be granted only upon showing of newly discovered evidence, evidence which could not have been obtained by due diligence at the time of the original hearing and which evidence would have produced a materially different ultimate result. They should not be used to correct an egregious legal error, an error which is patent and evident in the record as noted by this court in the case of *In re Costello*, 136 B.R. 296 (Bankr.M.D.Fla. 1993), which held that where an allowance of a claim has been litigated, litigants cannot seek reconsideration of the Court's determination pursuant to the recognized standard of the civil rule governing relief from judgment if the litigants elect not to pursue a timely appeal of the original order allowing or disallowing the claim, notwithstanding the bankruptcy statute, which technically permits reconsideration of allowance or disallowance of any claim so long as case is open for "cause," and the bankruptcy rule governing reconsideration of claims, which imposes no time limit.

The Fifth Circuit *In the Matter of Colley*, 814 F.2d 1008 (5th Cir.1987) also held that the power to reconsider the allowance or disallowance of a claim for cause based on § 502(j) and F.R.P.B. 3008 should not be used to encourage parties to avoid the usual rules for finality of contested matters.

■ The alternative ground for relief relied on by BHF is relief from the judgment based on F.R.B.P. 9024, which adopts Fed.

R.Civ.P. 60. Subclause (a) of this Rule permits the correction of clerical mistakes in judgments or orders. Under Fed.R.Civ.P. 60(a), there is no time limitation during which a request for relief must be made as long as the request is made within a "reasonable time." The Rule further provides that relief may be granted based on mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. However, a request for relief under these circumstances must be made within one year after the entry of the judgment or order.

Even a cursory reading of this Rule leaves no doubt that none of the grounds set forth in this Rule are supported by the record in this case. The proposition urged by BHF that this Court's "error," if there was one, disallowing its unsecured claim by the Order of September 27, 1993, and not dealing with its unsecured claim in the Order of January 26, 1994, was a "clerical error." This Court is constrained to decline this proposition. If there was an error, it was not a clerical error, but a judicial error which could and should have been corrected by a timely filed notice of appeal, which BHF failed to do.

Having concluded that BHF is not entitled to the relief it seeks either under § 502(j) and F.R.B.P. 3008, nor under Rule 9024 which adopted Fed.R.Civ.P. 60, both Motions should be denied. Based on the foregoing, the final determination of the liability of BHF unsecured claims is controlled by the Order of September 27, 1993, and BHF has no allowed unsecured claim. Consequently it has no right to vote the same at the confirmation hearing.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Reconsider the Order on Debtor's Objection to Berliner Handels-und Frankfurter Bank's Unsecured Claim and Motion for Reclassification to Class 1 Claim Entered by the Court on September 29, 1993; Motion to Reconsider the Order on Debtor's Motion for Clarification of Debtor's Objection to Berliner Handels-und Frankfurter Bank's Unsecured Claim, and on Motion to Reconsider Order on Debtor's Objection to Berliner Handels-und Frankfurter's Unsecured Claim and Motion for Reclas-sification to Class 1 Secured Claim filed by Berliner Handels-und Frankfurter Bank Entered on January 26, 1994 (sic) is hereby denied, and the Orders entered by this Court on September 27, 1993 and January 26, 1994 are hereby affirmed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Allow Berliner Handels-und Frankfurter Bank an Unsecured Claim in the Debtor's Bankruptcy Case, or in the Alternative, Motion to Allow Berliner Handles-und Frankfurter Bank an Unsecured Claim for Purposes of Voting on the Debtor's Plan of Reorganization (sic) is hereby denied.

DONE AND ORDERED.