**In re David Vance LEE and Grace LeaAnn Lee, Debtors.**

**Bankruptcy No. 91–10402.**

United States Bankruptcy Court, M.D. Tennessee.

Dec. 14, 1995.

bursements in an active, confirmed case that are returned to the Chapter 13 Trustee due to an incorrect address and the creditor cannot be located. For the reasons cited herein, the Court finds that in an active, confirmed Chapter 13 case, the Trustee may seek to disallow a previously allowed claim when an allowed claimholder changes addresses, and all attempts to locate the claimholder are unsuccessful. Accordingly, the Chapter 13 Trustee's objection to the balance of Sullivans' claim is sustained.

## II. FACTUAL BACKGROUND

In the instant case, Sullivans, an unsecured creditor, filed a Proof of Claim on November 26, 1991 for $249.82. A plan was confirmed on December 13, 1991 which proposed to pay the Class II unsecured creditors, of which Sullivans was a member, a 31% dividend or a base of $19,500, whichever was greater. On April 29, 1992 the Court entered an Order allowing the claims in this case, and the Order included Sullivans, unsecured claim.

No further action is reflected in the court file until 1995. At that time, the Trustee filed a Notice of Proposed Action seeking to disallow Sullivans' claim on the grounds that Sullivans' plan disbursements were returned as undeliverable due to an incorrect address. The Trustee's Affidavit stated that the Trustee had made a diligent search to obtain Sullivans' correct address, but to no avail. The United States Trustee filed an objection to the Trustee's attempt to disallow the balance of Sullivans claim. The matter was then set for a hearing.

No proof was presented at the hearing, but the Court heard arguments from the United States Trustee and Chapter 13 Trustee. In essence, the United States Trustee argues that the Trustee's proposed action is contrary to the specific provisions of 11 U.S.C. § 347(a) and Federal Rules of Bankruptcy Procedure 3010 and 3011.[1] The United

Suzanne C. Schulman, Chapter 13 Trustee, Nashville, Tennessee.

Beth Roberts Derrick, Assistant United States Trustee, Nashville, Tennessee, for the United States Trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

### I. INTRODUCTION

The issue before the Court is how the Chapter 13 Trustee should handle plan dis-

---

1. § 347. Unclaimed property.

(a) Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the Trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

(b) Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to

States Trustee suggests that the unclaimed funds should be paid into the registry of the Court as is provided for in § 347(a) and made available to Sullivans for an appropriate length of time should it attempt to recoup the money. According to the United States Trustee, Sullivans should not be left unprotected simply because it failed to correct its address with the court or the Chapter 13 Trustee.

The Chapter 13 Trustee argues that § 347(a) has no application in this context since there has been no final disbursement as is contemplated by that statutory provision. According to the Trustee, Sullivans abandoned its claim by failing to inform the Court of its proper address for notice in this case, and for payments under the confirmed plan.

## III. DISCUSSION

The Chapter 13 Trustee is under an obligation to examine proofs of claim and object to any improper claim. *See* 11 U.S.C. § 1302(b)(1) (Clark Boardman Callaghan, 1995) (incorporating § 704(5) into the Chapter 13 Trustee's duties). Federal Rule of Bankruptcy Procedure 3007 provides no time limit within which the debtor or any other party in interest must file a written objection to the allowance or disallowance of claims. In this jurisdiction, it is common practice for the standing Trustee to file a "motion to allow claims" with an objection period for any interested party to file objections to the

Trustee's recommendation of which claims should be allowed, and in what amount.[2] The Trustee in this case filed such a motion, and Sullivans claim was included in the list of allowed claims.

■■■ Confirmation of the plan in this case occurred in December of 1991. The Chapter 13 Trustee has the primary obligation to make payments to creditors in accordance with the terms of the confirmed plan. 11 U.S.C. § 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or had rejected the plan." The binding effect of confirmation commits the Chapter 13 Trustee as well. Like any other final judgment, Rules 59 and 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases through F.R.B.P. 9023 and 9024, provide a means for alteration, amendment, or nullification of the confirmation order in certain limited circumstances. However, outside those limited provisions, confirmation creates a binding agreement between the debtor and his/her creditors which the Trustee must observe, and which may not be undone except by F.R.C.P. 59/60 or a modification of that order pursuant to 11 U.S.C. § 1329.

■■ Nonetheless, 11 U.S.C. § 502(j) provides that the trustee may filed a motion to

---

participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.
11 U.S.C. § 347 (Clark Boardman Callaghan, 1995).

Federal Rules of Bankruptcy Procedure 3010 and 3011 state as follows:
Rule 3010. Small Dividends and Payments in Chapter 7 Liquidation, Chapter 12 Family Farmer's Debt Adjustment, and Chapter 13 Individual's Debt Adjustment Cases.
(b) Chapter 12 and Chapter 13 Cases. In a chapter 12 or chapter 13 case no payment in an amount less than $15 shall be distributed by the Trustee to any creditor unless authorized by local rule or order of the court. Funds not distributed because of this subdivision shall accumulate and shall be paid whenever the accumulation aggregates $15. Any funds remaining shall be distributed with the final payment.

Rule 3011. Unclaimed Funds in Chapter 7 Liquidation, Chapter 12 Family Farmer's Debt Adjustment, and Chapter 13 Individual's Debt Adjustment Cases.
The Trustee shall file a list of all known names and addresses of the entities and the amounts which they are entitled to be paid from remaining property of the estate that is paid into court pursuant to § 347(a) of the Code.

2. *See* Lundin, Keith, M., CHAPTER 13 BANKRUPTCY vol. 2, § 7.26, at 7–47 (2d ed. 1994). Judge Lundin explains that 11 U.S.C. § 1302(b)(1) directs that Trustee to perform the duties specified in § 704(5). The filing of a motion to allow claims could be seen as satisfaction of the duty proscribed in § 704(5). Furthermore, Judge Lundin notes that filing of such a motion brings "closure" to the issue of whether it is proper to make a distribution to creditors that have filed proofs of claim. *Id.*

reconsider a previously allowed or disallowed claim without regard to the timing of such motion. That section states:

(j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the Trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

11 U.S.C. § 502(j) (Clark Boardman Callaghan, 1995).[3]

Section 502(j) does not abrogate or alter the preclusive application of the confirmation order. *In re Monument Record Corp.,* 71 B.R. 853, 864 (Bankr.M.D.Tenn.1987). It does, however, allow reconsideration of a claim in the appropriate circumstances. The terms "cause" and "equities of the case" are not defined in the Code. At least one court has referenced Federal Rule of Civil Procedure 60 as a standard for construing 11 U.S.C. § 502(j). *See id; In re Fryer,* 172 B.R. 1020, 1024 (Bankr.S.D.Ga.1994) (court should weigh extent of reasonableness of any delay or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith in a motion to reconsider under § 502(j)).

The time for reconsidering the allowance or disallowance of a claim is not limited by F.R.B.P. 3008 to just pre-confirmation. Instead, § 502(j) and F.R.B.P. 3008 contemplate reconsideration of previously allowed or disallowed claim before or after confirmation, and at any time before the case is closed. *Fryer,* 172 B.R. at 1024–25 (*citing In re Resources Reclamation Corp. of America,* 34 B.R. 771 (9th Cir. BAP 1983). Therefore, although the res judicata effect of the confirmation order remains intact, an independent basis for objecting to the validity of any claim, at any time during the case, is protected by and provided for, in § 502(j).

It has been established that the Chapter 13 Trustee is the primary obligor on payment disbursements under a confirmed Chapter 13 plan. It is also well understood, and beyond peradventure that all parties to the confirmation order are bound by its preclusive effect. Furthermore, it is well established that § 502(j) gives the Chapter 13 Trustee standing to file a motion seeking to disallow a previously allowed claim at any time before the case is closed. At issue however, is whether the Trustee's reasons for disallowing Sullivans' previously allowed claim are sufficient after considering "cause" and "equities of the case." The Court finds the Chapter 13 Trustee's motion well taken.

First, and foremost, the Court recognizes and appreciates the position as set forth by the United States Trustee. The United States Trustee is acting in its capacity as protector of the unsecured creditors, and good policy reasons support the United States Trustee's position that just because a creditor failed to notify the court of its change of address, it should not have its claim disallowed. After balancing all relevant policy considerations however, the Court must nonetheless find in favor of the Chapter 13 Trustee. Secondly, while the Court finds that United States Trustee's argument concerning the statutory implication of 11 U.S.C. § 347(a) is well taken in this case, the effect of § 347(a) is not triggered because there has been no "final distribution" under 11 U.S.C. § 1326.

---

3. Federal Rule of Bankruptcy Procedure 3008 governs reconsideration of claims, and simply states that: "a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." After notice and a hearing on reconsideration of a claim, the Court may simply enter an order either disallowing a previously allowed claim, or allowing a previously disallowed claim.

■ 11 U.S.C. § 347(a) guides the Trustee's actions if a check remains unnegotiated by a claimholder ninety days following the "final distribution" under § 1326. "Final distribution" is not defined by the Code, but given its plain and ordinary meaning is easily understood to mean the final payment made by the Trustee before closing the case.[4] In the context of the objection made by the United States Trustee in this particular case, § 347(a) has no application because this particular case is still an active, confirmed case. Had this been the Trustee's final payment under the confirmed plan, the Trustee's "final distribution," then the Code, specifically § 347(a), would have directed the Trustee to pay the money into the court.

During the life of the plan, however, the Trustee is bound by the terms of the confirmed plan to make distributions to creditors as the confirmation order directs. No statutory provision instructs the Trustee what to do in the event that a creditor's disbursements are returned to the Trustee, and no new address can be located after a diligent search. Section 347(a) simply does not provide any guidance in this context.

The Court finds that where a creditor has failed to keep the court apprised of its current address and is no longer locatable, that the Trustee is fully justified in seeking to have that creditor's previously allowed claim disallowed in an ongoing and active Chapter 13 case. In other words, the Trustee may utilize the provisions of § 502(j) to seek an Order that disallows a previously allowed claim where a creditor's payments are returned to the Trustee because the Trustee has no current or correct address for a particular creditor.[5] Sullivans, by its own actions, failed to protect its right to its share in the plan proceeds by not providing its new address to the court. At least one court considering the application of § 502(j), found one important factor to be taken into consideration is "efficient court administration ..." *In re Fryer*, 172 B.R. at 1024. In this case, efficient court administration, the good faith purpose behind the Trustee's motion, the equities, the rights of the parties, and the reasonableness of the relief sought, dictate that the balance of Sullivans' previously allowed claim be disallowed.

Sound policy reasons also support the result in this case. If Sullivans' money remained unclaimed after the final disbursement in the case, those funds could eventually revert to the government. *See* 11 U.S.C. § 347(a). In this instance, however, the unsecured creditors rather than the government will benefit by Sullivans failure to protect its claim. Furthermore, disallowance of Sullivans' claim at this juncture nets the same result as if Sullivans' claim had initially been disallowed—more money available to the other allowed claimholders.

## IV. CONCLUSIONS

In summary, the Court finds that during an active, confirmed Chapter 13 case, the Trustee may utilize § 502(j) to disallow a previously allowed claim where the creditor has failed to keep the Court informed of its current address, but only after the Trustee has made a diligent search to locate the creditor's correct address. In the context of a "final distribution," § 347(a) will certainly govern the Trustee's actions for unclaimed

---

4. Although not defined in the Code, the term "final distribution" is used in 11 U.S.C. § 725 in the following context:

§ 725. Disposition of certain property.

After the commencement of a case under this chapter, but before *final distribution* of property of the estate under section 726 of this title, the Trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

(Clark Boardman Callaghan, 1995) (emphasis added). Defining "final distribution" to mean the last or ultimate payout or disposition of estate property immediately prior to closing is consistent with how the phrase is used in § 347(a) and § 725.

The term "final distribution" does not appear in any other Code provision or in the Federal Rules of Bankruptcy Procedure. F.R.B.P. 3010, which discusses small dividends in Chapter 13 cases does use the term "final payment" to mean the same thing as the last payment before closing the case.

5. The Trustee in this case submitted an Affidavit which described the Trustee's efforts to try and locate this creditor. The Trustee made a duly diligent inquiry into Sullivans whereabouts, but to no avail.

funds, but that provision has no effect during the life of an active Chapter 13 case. Accordingly, the Court sustains the objection of the Chapter 13 Trustee to the balance of Sullivans' claim.

It is, THEREFORE, so ordered.