**In re Evelyn GOMEZ, Debtor.**

**No. 97–09106–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 3, 1999.

Stuart S. Ferderer, Orlando, FL, for debtor.

Laurie K. Weatherford, Winter Park, FL, Chapter 13 Standing Trustee.

Kevin E. Mangum, Orlando, FL, for Intercoastal Mortgage Co. & Retirement Accounts, Inc.

## MEMORANDUM OPINION ON DEBTORS' OBJECTIONS TO CLAIMS FILED BY CREDITORS RETIREMENT ACCOUNTS, INC. AND INTERCOASTAL MORTGAGE COMPANY AND ASSOCIATES, INC.

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on June 15, 1999, on Evelyn Gomez's (the "Debtor") Objections To Claims Number 6 and 9 Filed By Intercoastal Mortgage Company and Associates, Inc. ("Intercoastal") (Doc. No. 38) and Objections To Claims Number 7 And 10 Filed By Retirement Accounts, Inc., f/b/o James M. Graham ("RAI") (the "Objections") (Doc. No. 39). RAI and Intercoastal have filed Responses And Motions To Tax Attorney's Fees And Costs Pursuant To Rule 9011 (Doc. No. 42 & 43). After considering the pleadings, oral arguments, and positions of interested parties, a further evidentiary hearing is scheduled to allow the Debtor an opportunity to demonstrate cause for the reconsideration of the allowance of RAI's and Intercoastal's claims.

*Chapter 13 Case.* Debtor filed a petition seeking relief under Chapter 13 on October 13, 1997. On or about February 16, 1998, RAI and Intercoastal filed proofs of claims in the Debtor's case based on the first and second mortgages, respectively, held on the Debtor's residence (Claims No. 6 & 7). On November 3, 1997, this Court entered an Order Establishing Duties of Trustee and Debtor which required the Debtor to object to any claims within ten (10) days of the claim deadline which was set for March 18, 1998 (Doc. No. 6). On or about November 18, 1998, long after the objection deadline had passed, both creditors amended their proofs of claims. RAI and Intercoastal filed amended proofs of claims to take into account additional late

charges and post-petition arrearages. Intercoastal also included cash advances it had made to the holder of the first mortgage, RAI (Claims No. 9 & 10).

On February 5, 1999, an order confirming the Debtor's Fourth Amended Chapter 13 Plan was entered (Doc. No. 36). The confirmed plan provided for payment of the RAI and Intercoastal amended claims in full. On April 12, 1999, two months after the confirmation of the Debtor's Chapter 13 Plan, the Debtor filed her Objections to the amended claims of RAI and Intercoastal. The Debtor asserts that Intercoastal did not actually make a cash advance of $5,409.36 to the first mortgage holder, RAI.

*Issue.* The issue is whether a debtor may object to a secured claim after confirmation of the debtor's Chapter 13 plan.[1] RAI and Intercoastal (collectively, the "Creditors") argue that the confirmation of a chapter 13 plan is *res judicata* as to any issues that could and should have been raised at the confirmation hearing and, furthermore, that a debtor cannot object to a secured claim after confirmation. The Debtor argues that, under § 502(j) of the Bankruptcy Code[2], a debtor can ask for reconsideration of a claim at any time before the case is closed.

■ *Reconsideration of an Allowed Claim.* Under § 501(a), a creditor may file a proof of claim. Once filed, a proof of claim is *prima facie* evidence of both the validity of the claim and the amount. Fed. R.Bank.P. 3001(f); *In re St. Augustine Gun Works, Inc.*, 75 B.R. 495, 499 (Bankr. M.D.Fla.1987). The Bankruptcy Code further provides that "(a) claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a) (1999).

■ Furthermore, a confirmed chapter 13 plan binds both the debtor and creditor to the provisions of the plan. Section 1327(a) provides that "[T]he provisions of a confirmed plan bind the debtor and each creditor, ... whether or not the creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (1998). Accordingly, a confirmed plan is *res judicata* as to any issues resolved or subject to resolution at the confirmation hearing. Among these issues is the amount of a secured claim. Under § 1325(a)(5)(B)(ii), a chapter 13 plan must pay the full value of any allowed secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii) (1998). Accordingly, the value of a secured claim is fixed as of the effective date of the plan. *In re Dunlap*, 215 B.R. 867, 869 (Bankr. E.D.Ark.1997). However, there are a few very limited exceptions to this rule. For instance, under § 1329, a debtor, trustee or unsecured creditor may move to modify a chapter 13 plan for three specific and limited purposes. 11 U.S.C. § 1329 (1999).

The Debtor argues that § 502(j) is also an exception to the *res judicata* rule of § 1327 and the provisions of § 502(a). Section 502(j) provides that "(a) claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j) (1999). Likewise, Federal Rule of Bankruptcy Procedure 3008 provides "(a) party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The Court after a hearing on notice shall enter an appropriate order." Fed.R.Bank.P. 3008. The Debtor argues that, despite the finality of a confirmation order, § 502(j) allows the Court to consider an objection to a claim at any time before the case is closed.

■ Section 502(j) contemplates the reconsideration of allowed or disallowed

---

1. The parties agreed to delay any hearing on the merits of the Objections until the preliminary issue determining whether the Objections were timely filed was resolved.

2. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United States Code.

claims both before and after confirmation. *In re Lee*, 189 B.R. 692, 695 (Bankr. M.D.Tenn.1995); *In re Fryer*, 172 B.R. 1020, 1024 (Bankr.S.D.Ga.1994). In fact, many courts have held that, under § 502(j) and Federal Rule of Bankruptcy Procedure 3008, a claim may be reconsidered at any time before the case is closed. *See In re Immenhausen*, 166 B.R. 449, 452 (Bankr.M.D.Fla.1994); *In re Bernard*, 189 B.R. 1017, 1020 (Bankr.N.D.Ga.1996); *Lee*, 189 B.R. at 695; *Fryer* 172 B.R. at 1024.

The Creditors argue, however, that, under § 502(a) and § 1325(a)(5)(B)(ii), a debtor waives his right to object to a proof of claim if he fails to initially object before confirmation of the plan. The Creditors cite *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 554 (5th Cir.1985) and *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir.1990) for the proposition that a party in interest must file an objection to a proof of claim before confirmation of the chapter 13 plan or the claim is deemed allowed. However, the Eleventh Circuit in *Justice Oaks* limited the *Simmons* holding to those situations involving the misclassification of claims finding that an objection must be made before confirmation only if the objection challenges the classification of a claim. *Id.* As such, *Justice Oaks* does not apply to the facts of this case. *See Fryer*, 172 B.R. at 1025. *Justice Oaks* simply does not stand for the strict proposition that claims deemed allowed at a confirmation hearing cannot later be reconsidered pursuant to Section 502(j).

■ Rather, the Bankruptcy Code should be read as a whole. Each section should be interpreted in light of the remaining sections. *Sun Finance Company, Inc. v. Howard (In Matter of Howard)*, 972 F.2d 639, 640 (5th Cir.1992). Section 502(j) permits the reconsideration of an allowed claim "for cause" and "according to the equities of the case." Section 502(j) does not permit the reckless reconsideration of a claim nor does § 502(j) disregard the provisions of § 502(a) and § 1327(a). Instead, § 502(j) allows reconsideration of

allowed or disallowed claims, but only *for cause*. *See International Yacht and Tennis, Inc. v. Wasserman (In re International Yacht and Tennis, Inc.)*, 922 F.2d 659 (11th Cir.1991); *Immenhausen*, 166 B.R. at 451. As such, § 502(j) creates "a narrow exception to the otherwise unwavering bar which section 1327(a) places upon relitigation of claim allowance after confirmation." *Bernard*, 189 B.R. at 1021.

The Creditors argue that § 502(j) cannot destroy the bar created by § 1327(a) and § 502(a). However, as many courts have recognized, an absolute bar to objections filed after confirmation of a chapter 13 plan would do the exact opposite and simply ignore the plain language of § 502(j). The fact that § 502(j) is found in the same section as § 502(a) clearly indicates an intention by Congress to make § 502(j) an exception to the general rule. In fact, the advisory committee note to Federal Rule of Bankruptcy Procedure 3008 states that "(a) proof of claim executed and filed in accordance with the rules in this Part II is *prima facie* evidence of the validity and the amount of the claim notwithstanding a motion for reconsideration of an order of allowance." Therefore, § 502(j) does allow reconsideration of the amount of claims allowed at confirmation hearing if the debtor can establish sufficient cause.

*Cause To Reconsider Claims.* The meaning of the phrase "for cause" is not clearly defined in the Bankruptcy Code. *Lee*, 189 B.R. at 695. Several courts have equated a § 502(j) motion for reconsideration with a motion for relief from judgment under Federal Rule of Bankruptcy Procedure 9024. As such, these courts have held that the movant may only seek reconsideration based on the Rule 60(b) standards. *See Colley v. National Bank of Texas (Matter of Colley)*, 814 F.2d 1008 (5th Cir.1987); *United States v. Motor Freight Express (In re Motor Freight Express)*, 91 B.R. 705, 711 (Bankr.E.D.Pa.

1988).[3] Under Federal Rule of Civil Procedure 60(b), the court may provide relief from judgment based on such things as mistake, newly discovered evidence, fraud, a void or satisfied judgment or any other similar reason justifying relief. FED. R.CIV.P. 60(b). However, the cases which held the movant to this standard all dealt with proofs of claims that had been actually litigated, and the Fifth Circuit Court of Appeals specifically held in *Colley* that Rule 60(b) standards are applicable *only* when the parties have actually litigated an objection on the proof of claim. 814 F.2d at 1010. *See also Motor Freight Express,* 91 B.R. at 711.

 In cases where the proof of claim was not actually litigated but instead was deemed allowed by the confirmation order without objection, courts instead have articulated a different standard to establish cause for reconsideration under § 502(j). These courts have weighed several factors to determine if sufficient cause was shown. The factors include (1) the extent and reasonableness of the delay, (2) the prejudice to any party in interest, (3) the effect on efficient court administration, and (4) the moving party's good faith. *Bernard,* 189 B.R. at 1022; *Lee,* 189 B.R. at 696; *Fryer,* 172 B.R. at 1024. This Court accepts this standard to show cause in situations where the debtor seeks reconsideration of a claim deemed allowed at a confirmation hearing without objection. Substantial discretion exists in deciding whether to grant a motion to reconsider a claim under § 502(j). *Wasserman,* 922 F.2d at 663; *Halverson v. Cameron (In re Mathiason),* 16 F.3d 234, 239 (8th Cir.1994); *Bernard,* 189 B.R. at 1022.

In this case, the creditors filed their original proofs of claim on February 16, 1998, and waited several months to file amended claims on November 18, 1998. The Debtor never objected to the amended

claims before the confirmation hearing, and the Debtor's chapter 13 plan was confirmed on February 5, 1998. The Debtor then filed the Objections on April 12, 1999. The Debtor bases her Objection, which this Court will treat as Motions for Reconsideration, on the amounts listed in the amended proofs of claims, not on any misclassification of a claim. *See Bernard,* 189 B.R. at 1022; *Fryer,* 172 B.R. at 1024.

The Creditors' claims were deemed allowed under § 502(a) at the confirmation hearing without objection. In order to obtain a reconsideration of the allowance of these claims, the Debtor must establish sufficient cause in light of the following factors: the extent and reasonableness of the delay, any resulting prejudice, the effect on efficient court administration, and the Debtor's good faith. Because these factors were not delineated at the initial hearing on the Objections, an evidentiary hearing is scheduled for **2:00 p.m. on September 21, 1999,** to provide the Debtor an opportunity to demonstrate sufficient cause to allow reconsideration of RAI's and Intercoastal's allowed claims.

---

**3.** In *Immenhausen,* the Bankruptcy Court for the Middle District of Florida held that the motion for reconsideration should only be granted upon a showing of newly discovered evidence which could not have been obtained by due diligence at the time of the hearing and which would have produced a materially different result. 166 B.R. at 451