**In re Edith SMITH.**

**No. 4:99–BK–43969.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Feb. 19, 2003.

Karen Gulley, Little Rock, AR, for plaintiff.

---

Claibourne W. Patty, Jr., Little Rock, AR, for defendant.

Joyce B. Babin, Little Rock, AR, Chapter 13 Trustee.

## AMENDED ORDER SUSTAINING OBJECTION TO CLAIM

AUDREY EVANS, Bankruptcy Judge.

Debtors' Objection to Claim was heard on January 23, 2003. Karen Gulley appeared on behalf of the Debtor, Edith Smith, who was also present. Claibourne W. Patty, Jr. appeared on behalf of creditor Troy Jefferson ("**Jefferson**") who was also present. The standing Chapter 13 Trustee, Joyce B. Babin (the "**Trustee**"), appeared as well. The issue presented was whether the Debtor owed Jefferson $875.00 as reflected in her confirmed Chapter 13 plan or $2,500.00 as reflected in the allowed claim filed by Jefferson. The Court orally ruled that the Debtor's plan was controlling under 11 U.S.C. § 1327 and principles of *res judicata*.[1] Subsequently, the Court entered an Order Sustaining Objection to Claim on February 5, 2003, outlining the applicable law regarding which controls when a confirmed plan and an allowed claim are inconsistent.

On February 11, 2003, the Court entered an Order placing its February 5, 2003 order under reconsideration pursuant to Fed. R. Civ. Pro. 59(e) made applicable to bankruptcy proceedings by Rule 9023.[2] The Trustee subsequently filed a Motion to Alter or Amend Judgment under Rule 9023 (Fed. R. Civ.Pro.59(e)), a Motion for New Trial under Rule 9023 (Fed. R. Civ. Pro.59(a)) and a Motion to Make Additional Findings of Fact under Rule 7052 (Fed.

R. Civ.Pro.52). The Trustee asks the Court to alter or amend its order to sustain the Debtor's objection to claim on the facts and evidence presented without making further findings with respect to whether the plan confirmation process controls over the claims allowance process where the plan is confirmed first. Alternatively, the Trustee argues that the Court should amend its order to find that the Debtor's confirmed plan did in fact provide for payment of allowed claims such that the confirmed plan and allowed claim are not inconsistent. The Trustee also asks for a new trial so that additional documents may be accepted into evidence, and to allow the Trustee and other standing Chapter 13 Trustees in Arkansas to testify as to the plan interpretation issues and the claims allowance process. Finally, the Trustee requests that the Court make its order prospective in application to the extent it rules that the plan confirmation process controls over the claims allowance process where the plan is confirmed first. Because the Court, upon a *sua sponte* review of the case file and evidence presented, finds that the evidence was insufficient to make a ruling with respect to the *res judicata* effect of the confirmed plan under 11 U.S.C. § 1327(a), it need not reach the Trustee's alternative argument or request for prospective application. Additionally, in light of the Court's amended ruling, the Trustee's motion for new trial and motion for additional findings of fact are moot.

Upon consideration of the pleadings, testimony and exhibits presented in open court, the Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 (made applicable to contested matters by Rule 9014(c)). This

---

**1.** Although the Court stated that it would issue a written order citing another forthcoming "to-be-published" opinion on this subject, a further review of the facts in that case made it unnecessary to address the issue there.

**2.** All references to rules in this order refer to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court has jurisdiction to enter a final judgment in this case.

## FACTS

Debtor filed a Chapter 13 bankruptcy petition and plan on August 30, 1999. Debtor's plan listed Jefferson as a secured creditor to whom she owed $875.00. Debtor listed the collateral's value as $2,500.00, the applicable interest rate as 10.0%, and the monthly payment amount as $76.93. The case file reflects that notice of the plan and the deadline for filing objections to confirmation was sent to Jefferson on September 2, 1999. Specifically, Jefferson was sent a "Notice of Commencement of Case Under Chapter 13 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates" which informed Jefferson that an objection to confirmation of plan must be filed on or before the tenth day after the meeting of creditors takes place, and that if no objection is timely filed, the plan will be confirmed pursuant to Rule 3015. Although a plan or summary of the plan is required to be sent to creditors with the notice of plan confirmation pursuant to Rule 3015(d), a careful review of the case file does not provide sufficient evidence that the creditor did in fact receive a copy or summary of the Debtor's plan. Furthermore, no evidence was produced at trial regarding Jefferson's notice of the provisions of the Debtor's plan.

Jefferson timely filed a proof of claim in the amount of $2,500.00 on October 7, 1999. The Debtor's plan was subsequently confirmed on October 28, 1999.[3] The Trustee filed a Motion Combined with An Order Allowing Claims on March 15, 2000, which listed Jefferson as a secured creditor with a claim of $2,500.00.[4] The order provided that the debtor had thirty days to object to the claims or they would be deemed allowed. No objections were filed, and accordingly, the claims reflected in the Trustee's motion were deemed allowed. The Debtor filed this objection to Jefferson's claim on December 12, 2002. Debtor has also filed an adversary proceeding seeking to recover the payments made to Jefferson by the Trustee along with interest as a result of Jefferson's claim in excess of the amount provided by Debtor's confirmed plan. The adversary proceeding is pending.

Debtor testified that she has an eighth grade education and works as a medical file clerk at the V.A. Medical Center in Little Rock. Debtor purchased and financed a 1989 Buick automobile through Jefferson, her mother's friend, in February 1999. She testified that she paid $2,895.00 for the vehicle, made a down payment of $1,200.00, and that the remaining balance was to be paid in monthly installments of $125.00. Debtor testified that she expected her bankruptcy case to close in October 2002 upon completion of her plan payments. She claimed that when she contacted her attorney's office, she was told that Jefferson's claim had not

---

3. The Debtor has since filed a modified plan, which has been confirmed. The modification to the Debtor's plan does not affect Jefferson.

4. Judge James G. Mixon explained the chapter 13 trustee's procedures with regard to the allowance of claims in *United States v. Smith (In re Smith)*, 142 B.R. 862, 864 (Bankr. E.D.Ark.1992):

Typically, after confirmation of a plan, the trustee files a computer generated motion to allow claims that is combined with an order bearing this Court's signature. The order allows all the claims as filed and provides that any objection to claims must be filed within thirty days from the filing date of the motion. The motion and order are served only on the debtor and the debtor's attorney.

been paid yet, and she responded, "[W]ell, there must be a mistake because I didn't owe him but $875." Debtor testified that this was when she discovered that Jefferson had filed a claim in excess of the amount stated in her confirmed plan.

Testimony and exhibits were introduced at trial regarding the validity of Jefferson's $2,500.00 claim. The note and conditional sales contract attached to Jefferson's claim stated that the total price of the vehicle was $3,700.00, with a $500.00 down payment for a remaining outstanding balance of $3,200.00. The contract states that the outstanding balance is to be paid in 26 monthly installments of $70.00 beginning March 2, 1999. This note and sales contract bears the signatures of Troy Jefferson on behalf of D & R Motors and the Debtor, Edith Smith. The Debtor testified that the note and conditional sales contract attached to Jefferson's claim was not the note and conditional sales contract which she signed at the time she purchased the vehicle from Jefferson. Debtor also testified that the signature on these documents is not hers but is forged. Debtor introduced an almost identical note and conditional sales contract which lists the original price of the vehicle as $2,895.00, with a down payment of $1,200.00 for a total outstanding balance of $1,695.00. This note and sales contract states that the balance is to be paid in 13 monthly installments of $125.00 with a final payment of $70.00 beginning March 2, 1999. This note and sales contract was signed by William and Mary Gilbert as the holders of the title, and Debtor, Edith Smith, as the purchaser. Debtor testified that this was her signature, and that these were the terms under which she purchased the vehicle. The Debtor testified that the serial number on her documents matched the serial number on the vehicle. Debtor also introduced the following documents which she testified were given to her by Jefferson when she purchased the vehicle: a bill of sale reflecting the same vehicle identification number and purchase price as the note and sales contract signed by William and Mary Gilbert, and two receipts reflecting payments of $125.00 to Jefferson on May 7, 1998, and March 8, 1999, respectively. Debtor also introduced the following: (1) an Arkansas Certificate of Title reflecting William and Mary Gilbert as the owner of the car and the first lienholder as Shorter College K. Mitchell, (2) an assignment of title reflecting the transfer of title from William and Mary Gilbert to the Debtor, and (3) an application for title number dated February 23, 1999, reflecting Debtor as the vehicle's owner with William and Mary Gilbert as the lienholders[5] with the purchase price listed as $2,895.00. The Debtor testified that she had paid sales tax of $133.89 and licensed the vehicle using the documents provided to her by Jefferson at the time of sale.

Jefferson's counsel objected to the introduction of the documents reflecting William and Mary Gilbert as the sellers of the vehicle on relevancy grounds. The Court overruled Jefferson's objection stating that the appropriate weight would be given to the documents based on the testimony provided at trial to establish the documents' relevancy. Based on the testimony provided with respect to the documents (which is described below), the Court finds the documents to be both relevant and worthy of great weight. Specifically, Debtor testi-

---

**5.** Although William and Mary Gilbert appear to have been the seller and financier of the vehicle based on these documents, the parties have consistently treated Jefferson as the holder of a security interest in the vehicle. Accordingly, the Court need not decide who was the proper secured party.

fied that these were the documents given to her by Jefferson when she purchased the vehicle, but that she did not know the Gilberts. Jefferson testified that William and Mary Gilbert are cousins of his, and that they had purchased the vehicle from him but returned it to him before moving out-of-state. Jefferson testified that he was selling the car in their name. He did not recall whether he had given Debtor the documents reflecting a sale from the Gilberts to Debtor. While he claimed that the vehicle was sold for the amount reflected on the note attached to his proof of claim (*i.e.*, $3,700.00), and that she had signed that note, he also testified that he did not remember what Debtor paid for the car or what her monthly payments were. He testified that when he filed the claim, he assumed she had made all payments until that date but did not review the records. He also testified that he no longer has any records of the transaction because he has been out of business for two years.

The Court finds that the vehicle was sold to Debtor for $2,895.00, and that Debtor made a down payment of $1,200.00. The documents introduced by Debtor at trial along with Jefferson's testimony remove any doubt that Jefferson did in fact sell the car on behalf of William and Mary Gilbert. Jefferson's testimony revealed that he intended to honor any and all payments made by Debtor, but had no reliable recollection of what transpired and no records on which he could rely. While the Court stated at the conclusion of the trial that it believed the cause of the dispute to be honest confusion, a studied review of the testimony and a comparison of the exhibits submitted into evidence lead the Court to reverse that conclusion. The Court finds that the note and contract submitted by Jefferson was not accurate and was not signed by the Debtor, and

therefore, provided no basis for the claim filed by Jefferson.

## DISCUSSION

The issues presented in this case are (1) the conflict between the binding effect of a plan confirmation order under § 1327(a) and the claims allowance process outlined in § 502 and Rules 3001, 3007 where the allowed claim differs from the confirmed plan, and (2) whether cause exists to reconsider Jefferson's allowed claim under § 502(j). With respect to the *res judicata* effect of Debtor's confirmed plan, the Court has insufficient evidence before it to find that Jefferson had sufficient notice of the plan's provisions prior to confirmation, and declines to rule on this issue as it is not necessary to adjudicate this dispute. Rather, the Court analyzes whether cause exists to reconsider the allowed claim under § 502(j).

Pursuant to § 502(j), an allowed claim may be reconsidered for cause and according to the equities of the case. Bankruptcy courts have routinely defined "cause" for purposes of § 502(j) using the standard applicable to Fed. R. Civ. Pro. 60, which provides grounds for relief from a final judgment if there are clerical mistakes, excusable neglect, newly discovered evidence, fraud, or a reason justifying release from operation of it. *See In re Gomez*, 250 B.R. 397, 400–401 (Bankr. M.D.Fla.1999) (citing cases). However, the Bankruptcy Court in *Gomez* held that the Rule 60 standard should not be applied to cases where the proof of claim was not actually litigated but was instead deemed allowed without objection. Rather, *Gomez* held that a different standard should be applied in those cases that takes into account "(1) the extent and reasonableness of the delay, (2) the prejudice to any party in interest, (3) the effect on efficient court administration, and (4) the moving party's

good faith." *Id.* (citations omitted). While the Eighth Circuit Court of Appeals has not set forth the standard that should be used in connection with a motion for reconsideration of a claim under § 502(j) (whether litigated or not), it has generally held that in exercising its discretion to reconsider a claim under § 502(j), a bankruptcy court may consider "whether delay would prejudice the debtors or other creditors, the reason for the delay and its length and impact on efficient court administration, whether the creditors acted in good faith, whether clients should be penalized for counsel's mistake or neglect, and whether claimants have a meritorious claim." *Kirwan v. Vanderwerf (In re Kirwan)*, 164 F.3d 1175, 1177–1178 (8th Cir. 1999) (citations omitted).

■ Applying the general guidelines set forth by the Eighth Circuit to the facts of this case, the Court finds that cause exists to reconsider Jefferson's claim. The Debtor introduced convincing evidence showing that Jefferson filed a claim for an overstated amount, and that Jefferson attached a sales contract to the claim that did not accurately reflect the transaction between Debtor and Jefferson. While the note and conditional sales contract attached to Jefferson's claim provided for monthly payments of $70.00 and a total sales price of $3,700.00, the note and conditional sales contract produced by Debtor reflected monthly payments of $125.00 and a total sales price of $2,895.00. Debtor corroborated the amounts stated in her sales contract by introducing receipts for monthly payments to Jefferson of $125.00 and an Arkansas application for title number reflecting a purchase price of $2,895.00. Additionally, the documents (including the sales contract) introduced by the Debtor showed William and Mary Gilbert as the sellers of the vehicle, and Jefferson's testimony provided a logical explanation for this. He explained that the Gilberts were his cousins and that he sold the vehicle on their behalf. Furthermore, Jefferson's testimony clearly established that he had no basis for filing a claim for $2,500.00 in that he kept poor records and had no reliable recollection of what had transpired between himself and the Debtor. In sum, Jefferson provided no basis for the claim he submitted, or the sales contract attached to it. In light of these facts, the Court finds that Jefferson filed his claim in bad faith and cause exists to reconsider the claim notwithstanding Debtor's failure to timely object to Jefferson's claim. While the Debtor's delay in objecting to Jefferson's claim was lengthy, she explained that she only realized that Jefferson's claim had been allowed as a claim for $2,500.00 when it was time for her bankruptcy case to be closed after she had completed all the plan payments. Although Debtors, in general, must be held accountable for filing timely objections, to allow a baseless claim to increase the amount owed simply because the Debtor did not file a timely objection would be to reward such impermissible behavior with a monetary windfall. Accordingly, the Court finds that the Debtor's delay in bringing this objection is justified, that the creditor did not file his claim in good faith, and that the Debtor has a meritorious objection to Jefferson's claim.

## CONCLUSION

For the reasons stated herein, the Court finds that cause exists for the Court to reconsider Jefferson's allowed claim under 11 U.S.C. § 502(j), and Jefferson's claim should be allowed as a secured claim for $875.00 at 10% interest. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion to Alter or Amend Judgment is **GRANTED**; it is further

ORDERED that the Trustee's Motion for New Trial is **DENIED** as **MOOT**; it is further

ORDERED that the Trustee's Motion to Make Additional Findings of Fact is **DENIED** as **MOOT**; and it is further

ORDERED that Debtor's Objection to Claim is **SUSTAINED**;

IT IS SO ORDERED.