**In re Lannice FRYER, Sr., Debtor.**

**Lannice FRYER, Sr., Plaintiff,**

**v.**

**EASY MONEY TITLE PAWN, INC., First Defendant,**

**and**

**Marion "Bud" Arrington, Second Defendant.**

**Bankruptcy No. 93–10513.
Adv. No. 93–01084A.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Sept. 29, 1994.

Scott J. Klosinski, Augusta, GA, for plaintiff.

Leon Larke, Augusta, GA, for defendants.

### ORDER

JOHN S. DALIS, Bankruptcy Judge.

By motion defendants seek dismissal of this adversary proceeding and a related objection to the claim of Easy Money Title Pawn, Inc. filed by the debtor-plaintiff in the underlying Chapter 13 case. Plaintiff's complaint alleges violation by the defendants of the Georgia Criminal Usury Statute (O.C.G.A. § 7–14–18), Georgia Racketeer Influenced and Corrupt Organizations Statutes (O.C.G.A. § 16–14–1, et seq.), Federal Racketeer Influenced and Corrupt Organizations Statutes (18 U.S.C. § 1961, et seq.), and the Federal Truth in Lending Act (15 U.S.C. § 1640). The objection to claim incorporates the allegations of the complaint and additionally asserts that the claim includes unmatured interest. Defendants move to dismiss the complaint and objection claiming that pursuit of these causes of action is now barred by the res judicata claim-preclusive effect of the order of confirmation of debtor-plaintiff's Chapter 13 plan.

Plaintiff entered into an automobile title pawn loan transaction on March 23, 1993 with Easy Money Title Pawn, Inc., first defendant, which plaintiff claims is owned and operated by Marion "Bud" Arrington, second defendant. Under the agreement, plaintiff borrowed $700.00 while pledging as security title to his 1986 Pontiac Sunbird automobile. Plaintiff was to repay the loan with interest under one of several options: $223.25 per week if the loan were to be repaid in thirty days (total to be paid $893.00), $133.40 per week if the loan were to be repaid in sixty days ($1,068.00), and $103.58 per week if the loan were to be repaid in ninety days ($1,243.00).

Plaintiff filed for relief under Chapter 13 on April 2, 1993. Easy Money Title Pawn, Inc. filed a proof of secured claim for $893.00. Relative to the claim of Easy Money Title Pawn, Inc. the proposed plan of the debtor-plaintiff provided:

(b) Secured creditors shall retain liens securing their claims. Creditors *who file claims* and whose claims are allowed as secured claims shall be paid ... (1) the amount of their claim....

(emphasis original)

Plaintiff did not object to the claim prior to confirmation of the plan on August 30, 1993.

On September 17, 1993, plaintiff filed the claim objection and this adversary proceeding which defendants now seek to have dismissed.

■ Plaintiff urges that the defendants' failure to raise the affirmative defense of res judicata in the answer constitutes waiver of that defense. Federal Rule of Civil Procedure 8(c), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure (FRBP) 7008(a), provides that,

> [i]n pleading to a preceding pleading, a party shall set forth affirmatively ... res judicata ... and any other matter constituting an avoidance or affirmative defense.

Although the general rule is that failure to raise such a defense in the answer constitutes waiver of that defense, the Eleventh Circuit has expressed its reluctance to follow strictly the harsh waiver rule where the plaintiff is unable to demonstrate prejudice. *Easterwood v. CSX Transportation, Inc.*, 933 F.2d 1548, 1551 (11th Cir.1991) *aff'd* —— U.S. ——, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993). The purpose of Rule 8(c) is to guarantee that the opposing party has notice of any additional issue that may be raised at trial in order for the parties to have ample opportunity to prepare for and litigate the issue. *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir.1988), citing *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). Plaintiff has failed to establish any prejudice, having merely stated that it is prejudiced by this defense, and has had adequate notice and opportunity to address the issue of res judicata, claim—preclusion, in response to the motion to dismiss. Plaintiff relies on the technical failure of the defendants' answer to include this affirmative defense. Where an opposing party asserts the technical failure of the pleadings to include the affirmative

defense in the answer, the court may give a party leave to amend the answer under Federal Rule of Civil Procedure 15(a) (FRBP 7015) to include the omitted defense. *Easterwood, supra.* Considering the notice and opportunity plaintiff has had to prepare for and respond to the assertion of this defense, the apparent lack of prejudice to plaintiff, the preference in this circuit not strictly to impose the waiver rule and the Federal Rule of Civil Procedure 15 admonition that leave to amend "shall be freely given when justice so requires," I allow defendant's motion to dismiss as an amendment of their answer to include the affirmative defense of res judicata.

■ Defendants claim that the confirmation order has res judicata effect on all issues which were or could have been adjudicated at the confirmation hearing, *see, e.g., Anaheim Savings & Loan Association v. Evans (In re Evans)*, 30 B.R. 530 (BAP 9th Cir.1983), and that since plaintiff's claims either were or could have been decided at confirmation they are now barred by res judicata. Defendant is correct in noting that there is widespread authority in support for this proposition generally. *See, e.g., In re Bereolos*, 126 B.R. 313 (Bankr.N.D.Ind.1990); *In re Evans, supra; In re Ross*, 162 B.R. 785 (Bankr.N.D.Ill. 1993); *Bank of Alex Brown v. Goldberg (In re Goldberg)*, 158 B.R. 188 (Bankr.E.D.Cal. 1993); *Kuebler v. Commissioner (In re Kuebler)*, 156 B.R. 1012 (Bankr.E.D.Ark.1993); *In re Algee*, 142 B.R. 576 (Bankr.D.D.C. 1992); *In re Fox*, 142 B.R. 206 (Bankr. S.D.Ohio 1992); *see also* 11 U.S.C. § 1327(a) (providing that the provisions of the plan are binding on both the creditor and the debtor after confirmation).

Plaintiff argues as a defense to the res judicata bar that since FRBP 3007[1] provides no time limit for filing objections to creditors' claims, a post-confirmation claim objection is

---

1. FRBP 3007 provides:
   An objection to the allowance of the claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor-in-possession

and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of a the kind specified in Rule 7001, it becomes any adversary proceeding.

permissible. The rule does not state a deadline for filing claim objections. Under FRBP 3001(f), a timely filed proof of claim constitutes prima facie evidence of the validity of the claim. Bankruptcy Code § 502 provides that a proof of claim is deemed allowed if not objected to. FRBP 3007 governs the procedure by which objections may be filed but neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide a cutoff point for filing objections to claims.

The Fifth Circuit addressed this issue and determined that a debtor seeking to avoid being bound by a confirmed plan must file an objection to claim prior to confirmation. *In re Simmons*, 765 F.2d 547 (5th Cir.1985). The Eleventh Circuit has cited *Simmons* with approval in the case of *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.), *cert. denied*, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990), which held in part that an objection to the claim of a creditor must be filed by confirmation or it is barred by the res judicata effect of confirmation where the objection to claim is based on a contention that the *plan* misclassifies the claim. Under the *Simmons* court analysis of Bankruptcy Code §§ 506(a)[2] and 1325(a)(5)[3], at the time the plan is confirmed all secured claims not objected to are deemed allowed. Reading these two sections together the *Simmons* court determined that the valuation and determination of a secured creditor's claim are fixed under the plan and the claim is thereby allowed at the time of confirmation. *Accord, In re Justice Oaks II, Ltd.*, *supra*, at 1553 n. 11 ("[T]he bar [date for filing objections]

established by confirmation of a plan arises from provisions of the Bankruptcy Code and cannot be overridden by the court."). Defendants' contention that the Eleventh Circuit has adopted the date of confirmation as the deadline for filing objections to claims overstates the rule in *Justice Oaks II, Ltd.*

> While there is some dispute over the breadth of the *Simmons* court's holding, we think that it at least stands for the proposition that, when the objection is based on an argument that *the plan* misclassified the objectionable claim, the objection must be made prior to confirmation of the plan. Cf. 8 *Collier on Bankruptcy*, (L. King 15th ed. 1989) ¶ 3007.03 at 3007–8 ('*Simmons* ... involved claim[ ] misclassified in the plan').

*In re Justice Oaks II, Ltd.*, *supra*, at 1553.

In this case, the objection to claim and adversary proceeding filed by the debtor-plaintiff do not seek to challenge the classification of the secured creditor's claim under the confirmed plan. The pleadings filed do not challenge the fact that the defendant Easy Money Title Pawn, Inc. and the plaintiff entered into a credit transaction wherein the plaintiff borrowed money from the defendant Easy Money Title Pawn, Inc. or that the plaintiff granted that defendant a security interest in his automobile to secure the loan, or that Easy Money Title Pawn, Inc. has a secured claim for the principal amount of the loan advanced. The pertinent portion of the confirmed plan provides that "[s]ecured creditors shall retain the liens securing

---

**2.** 11 U.S.C. § 506(a) provides,

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the allowed amount of such claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

**3.** 11 U.S.C. § 1325 provides in relevant part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—
... (5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing the claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder; ....

their claims. Creditors who file claims and whose claims are allowed as secured claims shall be paid ... the amount of their claim." The objection is not directed to the provisions of the confirmed plan but to the allowance of the claim in the amount of $893.00 and through this adversary proceeding seeks to pursue a claim for affirmative monetary relief based upon state and federal claims unrelated to the status of the claim under the plan.

▪▪▪ By this objection, the plaintiff does not seek collaterally to attack the order of confirmation but seeks reconsideration of the allowance of the claim.[4] Bankruptcy Code § 502(j)[5] and FRBP 3008[6] provide the authority and procedure for claim reconsideration. Section 502(j) contemplates the possibility for claim reconsideration after confirmation of a plan and distribution under the plan. Reconsideration of both allowed and disallowed claims may occur at any time before a case is closed, but in such reconsideration the court must weigh the extent and reasonableness of any delay, or prejudice to any party in interest, the effect on efficient court administration and the moving party's

good faith. *In re Resources Reclamation Corporation of America*, 34 B.R. 771 (9th Cir. BAP 1983); *Johnson v. Farmers Furniture Company (In re Johnson )* Chapter 13 case No. 87–10284 (Bankr.S.D.Ga.Dalis, J. August 13, 1990). To adopt the defendants' analysis of *Simmons* would effectively negate § 502(j) and FRBP 3008 from application in cases involving plans of reorganization under Chapters 11, 12 or 13 contrary to the express language of Bankruptcy Code § 103(a).[7] As previously stated, defendants' interpretation of *Simmons*, which defendants contend was adopted in the Eleventh Circuit as binding precedent on this court in *Justice Oaks II, Ltd.*, seeks to establish the date of confirmation as the deadline for filing objections to claims. According to defendants, confirmation has res judicata effect on the issue of the validity of the claim to be paid within and by the confirmed plan; therefore, upon confirmation of the plan the claims are allowed and accordingly any objections are barred. Under this interpretation of *Simmons*, confirmation allows the claim and res judicata bars objection to that claim. In contrast, under § 502(j), allowed claims may be reconsidered. An allowed claim cannot be reconsidered un-

4. The debtor has styled his pleading "Objection to Claim of Easy Money Title Pawn, Inc." which is governed by the provisions of Bankruptcy Rule 3007. This rule provides that an objection to claim is "an objection to the allowance of a claim". In this case, the claim of Easy Money Title Pawn, Inc. has already been allowed. While a motion to dismiss on the basis that an "objection to claim" is barred because the claim is already allowed is proper, the granting of such motion would simply result in the refiling by the debtor of a properly captioned motion with the resulting additional expenditure of time and money by all parties in interest. No prejudice will result to the defendants by this court considering the objection to claim as a motion for reconsideration of the claim. The defendants will have every opportunity to defend the claim and to challenge the plaintiff's proof of cause to reconsider. In the interest of justice and judicial economy, the motion is so considered.

5. 11 U.S.C. § 502(j) provides:
   A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or trans-

fer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and if of the same class of such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

6. FRBP 3008 provides:

   A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

7. 11 U.S.C. § 103(a) provides:

   Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapters 7, 11, 12, or 13 of this title.

til it is allowed. To adopt the defendants' position would bar that reconsideration thereby negating § 502(j). A court should read together and give effect to all provisions of the Code, as intended by Congress when drafting a statute. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). Limiting the breadth of *Justice Oaks II, Ltd.* to circumstances where post confirmation claim objection or request for reconsideration of claim allowance is based on an argument that the plan as confirmed misclassifies the claim will give effect in this case to the res judicata effect of plan confirmation under § 1327(a) and the claim reconsideration provision of § 502(j).

The debtor's request for claim reconsideration seeks to disallow that portion of the now allowed secured claim of Easy Money Title Pawn, Inc. to the extent that the claim represents post petition unmatured interest on the principal sum advanced. The order of confirmation does not bar such reconsideration. In this adversary proceeding, the plaintiff seeks injunctive relief preventing the defendants from collecting interest under his loan agreement with Easy Money Title Pawn, Inc. and recovery of money damages for violation of the Georgia Criminal Usury Statute O.C.G.A. § 7–4–18; Georgia Racketeer Influenced and Corrupt Organizations Statutes O.C.G.A. § 16–14–1 et seq., Federal Racketeer Influenced and Corrupt Organizations Statutes 18 U.S.C. § 1961 et seq. and Federal Truth in Lending Act 15 U.S.C. § 1640 which also are not barred by the order of confirmation of the plan.

It is therefore ORDERED that the defendants' motion to dismiss the plaintiff's complaint and objection to claim is denied.