**In re Rocky Dwayne SHEFFIELD, Debtor.**

**Rocky Dwayne Sheffield, Plaintiff,**

**v.**

**HomeSide Lending, Inc., Defendant.**

**Bankruptcy No. 97–10511–MAM.**

**Adversary No. 99–1124.**

United States Bankruptcy Court, S.D. Alabama.

March 6, 2001.

Steve Olen and Steven L. Nicholas, Mobile, AL, for Plaintiff.

Jeffery J. Hartley, Mobile, for the Defendants.

Thomas M. Hefferon, Washington, DC, for the Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT

MARGARET A. MAHONEY, Chief Judge.

■ This matter is before the Court on HomeSide Lending, Inc.'s (HomeSide) motion for reconsideration of this Court's order of December 29, 2000, denying Home-Side's motion for summary judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion. Home-Side does not seek any amendment of the facts in the summary judgment opinion. It only seeks an amplification of the Court's opinion and a reversal of the result. HomeSide did offer a "Joint Appendix" to support its motion. To the extent the appendix contained documents offered to the Court before the December 29, 2000 summary judgment ruling, the Court will consider the materials. The Court will not consider materials submitted after December 29, 2000. Such materials should only be allowed if they provide newly discovered evidence or if the evidence was unavailable before summary judgment despite reasonable diligence. *Hughes v. Bedsole,* 48 F.3d 1376 (4th Cir.1995); *RGI, Inc. v. Unified Industries, Inc.,* 963 F.2d 658 (4th Cir.1992); *Javetz v. Board of Control, Grand Valley State University,* 903 F.Supp. 1181 (W.D.Mich.1995). That has not been shown or alleged in this case.

HomeSide raises two major grounds for reconsideration: (1) the Court did not address every ground raised by HomeSide for summary judgment; and ( 2) HomeSide's attorneys fees were adequately noticed. Each issue has several subparts. The Court will address the issues in turn.

### A.

HomeSide asserts that the Court's ruling on summary judgment was too general and not targeted specifically at this case's facts. It is true that the summary judgment order was one of several entered in similar cases and the rulings were generic in many respects. If the ruling were amplified with additional facts, it would not change the result. For bankruptcy cases referred to LOGS network counsel, an attorneys fee for filing a proof of claim is posted to a debtor's account, whether allowed or not, at least in the first instance. The description of the services rendered by LOGS counsel varies, but some descriptions do not indicate whether the fee is for pre- or postpetition services and/or whether it is for pre- or postconfirmation services or whether it is for bankruptcy services at all.

### 1.

HomeSide alleges that Sheffield's payment in full of HomeSide's claim entitles HomeSide to a judgment against Sheffield on his injunctive and declaratory relief claim. First, even if Mr. Sheffield is not entitled to injunctive relief, he may be entitled to monetary relief because his adversary case is, in essence, a motion to reconsider HomeSide's attorneys fee claim. Since a hearing on that claim has not yet

been held, summary judgment is inappropriate. Second, if Mr. Sheffield's claim (as is stated in his complaint) is for a declaration that the assessment of any fee similar to the one in this case is a violation of bankruptcy law and for an injunction against prospective assessments, it is not clear that relief is not available to Sheffield. In considering his individual claim, this Court could conclude that assessment of any fee through procedures like HomeSide utilized in Sheffield's case is a "violation of bankruptcy law" in some manner. In fact, the Court has ruled in the summary judgment order of December 29, 2000, that an undisclosed or inadequately disclosed postpetition/preconfirmation fee is not assessable against a chapter 13 debtor. Therefore, summary judgment in this case is not appropriate at this time.[1]

### 2.

HomeSide next asserts that res judicata and waiver bar Sheffield's claim. The Court disagrees. Section 502(j) of the Bankruptcy Code allows reconsideration of claim allowance. It states, "A claim that has been allowed or disallowed may be reconsidered for cause." There is no time limitation on the filing of a reconsideration motion. The Bankruptcy Code specifically limits the time for other actions, but none is included for reconsiderations. If HomeSide's argument were correct, § 502(j) would have little meaning. HomeSide's arguments about res judicata and waiver are defenses to be raised against reconsideration but do not prevent reconsideration at all. The Court is to review "the equities of the case." HomeSide cites the case of

---

1. Even if HomeSide were correct that summary judgment against Sheffield is appropriate, the fact that his claim for injunctive and declaratory relief was a viable one at the commencement of the case and became moot during its pendency (in January or February 2000) would not defeat the viability of this class action. Other plaintiffs could seek to intervene to continue the action. See, e.g., *Harris v. First Union Mortgage Corp.*, order of February 8, *2001*, attached.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990), for its position that a confirmation order binds all parties finally. *Id.* at 1552. The *Justice Oaks* case cites with approval an earlier Fifth Circuit case, *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir.1985), for the proposition that a party in interest must file an objection to a proof of claim before confirmation of a chapter 13 plan or the objection cannot be brought. Reviewing the *Justice Oaks* case, this Court concludes that the Eleventh Circuit limited the *Simmons* holding for purposes of its *Justice Oaks* ruling, to cases involving misclassification of claims.[2] *Justice Oaks* at 1553 ("while there is some dispute over the breadth of the *Simmons* court's holding, we think that it at least stands for the proposition that, when the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan"). That is not the situation in this case.

Later bankruptcy court cases have considered the relationship of claim reconsideration and a final chapter 13 confirmation order. In the Eleventh Circuit, with *Justice Oaks* as binding precedent, almost all of the cases of which this Court is aware have concluded that claim reconsideration postconfirmation is appropriate. See, e.g., *Fryer v. Easy Money Title Pawn (In re Fryer)*, 172 B.R. 1020 (Bankr.S.D.Ga. 1994); *In re Bernard*, 189 B.R. 1017 (Bankr.N.D.Ga.1996) (narrow interpretation); *Coleman v. First Family Financial Services, Inc. (In re Coleman)*, 200 B.R. 403 (Bankr.S.D.Ala.1996); *In re Gomez*, 250 B.R. 397 (Bankr.M.D.Fla.1999). Contra *In re Duke*, 153 B.R. 913 (Bankr.

N.D.Ala.1993). The *Gomez* court summarized the law as follows:

> The Creditors argue, however, that under § 502(a) and § 1325(a)(5)(B)( ii), a debtor waives his right to object to a proof of claim if he fails to initially object before confirmation of the plan. The Creditors cite *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 554 (5th Cir.1985) and *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir.1990) for the proposition that a party in interest must file an objection to a proof of claim before confirmation of the chapter 13 plan or the claim is deemed allowed. However, the Eleventh Circuit in *Justice Oaks* limited the *Simmons* holding to those situations involving the misclassification of claims finding that an objection must be made before confirmation only if the objection challenges the classification of a claim. *Id.* As such, *Justice Oaks* does not apply to the facts of this case. See *Fryer*, 172 B.R. at 1025. *Justice Oaks* simply does not stand for the strict proposition that claims deemed allowed at a confirmation hearing cannot later be reconsidered pursuant to Section 502(j).

*Gomez* at 400.

*Gomez* explains that "the Bankruptcy Code should be read as a whole" and "[e]ach section should be interpreted in light of the remaining sections." *Id.* Therefore, § 502(j) creates "a narrow exception to the otherwise unwavering bar which section 1327(a) places upon re-litigation of claim allowance after confirmation." *Bernard* at 1021.

---

**2.** This narrow ruling was appropriate. Justice Oaks was a chapter 11 case which took a year to reach a confirmation. The debtor had ample time to review claims. Chapter 13 is an entirely different process. Claims are not even filed in many districts until after confirmation. Also, the *Simmons* and *Justice Oaks* cases never discussed how § 502(j) affected confirmation orders.

Sheffield's confirmation orders are not a final bar to claim objections. Section 502(j) offers him a narrow window which precludes summary judgment. The debtor has put forward facts which put at issue the reasonableness of the fee and propriety of the fee. For instance, attorneys to whom cases are referred by LOGS pay a referral or support services fee to LOGS, an entity which is not a law firm. Some or all of these fees may be paid by the fee assessed against the debtor. No time records for preparing and filing proofs of claim were kept by the attorneys who assessed an attorneys fee in Sheffield's case. The LOGS firm which handled the bankruptcy matter for HomeSide, Shapiro & Tucker, indicated that the fee was charged for various types of services. The services included "setting up a file, obtaining documents, reviewing a bankruptcy Plan, preparing a claim, filing a claim, and monitoring the bankruptcy." Deposition of Edith Pickett, September 20, 2000, p. 16. It is unclear if all of these services were postpetition/preconfirmation work for which any fee could be charged as part of the mortgage arrearage claim. There is an issue of material fact about whether $150 is a reasonable fee. To the extent any of the fee is found to be improper, a refund will be due Sheffield and an injunction against any later assessment or collection.

### 3.

HomeSide asserts that the completion of Sheffield's case dictates that summary judgment should be granted to it. This Court's prior discussion of § 502(j) is applicable to this issue as well. A motion to reconsider a claim is appropriate until the case is dismissed or closed. *In re Bernard,* 189 B.R. 1017, 1020 (Bankr. N.D.Ga.1996); *In re Lee,* 189 B.R. 692, 695 (Bankr.M.D.Tenn.1995); *In re Fryer,* 172 B.R. 1020, 1024 (Bankr.S.D.Ga.1994); *In re Immenhausen Corp.,* 166 B.R. 449, 452

(Bankr.M.D.Fla.1994). Sheffield's case has not been closed and will remain open until this adversary case has been finally resolved. Therefore, a motion to reconsider is appropriate regardless of the fact that the case is now fully paid.

### B.

The second general argument raised by HomeSide is that HomeSide's description of the attorneys fees it charged Sheffield was adequate and appropriate. The Court will not reiterate the lengthy ruling it made in its order of December 29, 2000, but incorporates it by reference. The Court will only offer amplification of several points.

### 1.

HomeSide asserts that Sheffield cannot claim that the description of attorneys fees on his particular proof of claim was deficient because Sheffield never saw the proof of claim. The facts in evidence show that this is true. This fact does not dictate summary judgment on Sheffield's claim for reconsideration. Even in light of the fact that Sheffield never saw the proof of claim, he still has a right to seek reconsideration of the claim under § 502(j) of the Bankruptcy Code for all of the reasons stated in Part A above. Also, any party in interest may object to a proof of claim. 11 U.S.C. § 502(a) and Fed. R. Bankr.P. 3008. Notice given in a proof of claim must be sufficient for any party who might object. Whether the debtor saw the proof of claim or not does not mean other parties had adequate notice.

### 2.

The remainder of HomeSide's arguments are that the Court's ruling on appropriate disclosure of fees was erroneous because HomeSide's disclosure was

sufficient and there is no due process or adequate disclosure requirement to which it should be held. As stated in the December 29, 2000 opinion, any attorneys fee (or other fee) or interest to be charged as part of a postpetition/preconfirmation arrearage claim needs to be included in the creditor's proof of claim or in a separate fee application. In some fashion, the debtor, interested parties and the trustee,[3] must be given notice of what sums are being requested to be paid through the debtor's chapter 13 plan. The question is what notice is adequate. Rake v. Wade did not state how a claim for preconfirmation interest or fees had to be presented. It did dictate that if the debtor proposed to pay preconfirmation arrearages fees and interest in his or her plan, then the creditor had to seek payment through the plan. Therefore, since Sheffield sought to pay his arrearage in his plan, HomeSide had to request payment through the plan only. HomeSide could not seek payment by adding the fees to the mortgage balance to be paid outside the plan. The notice given needed to alert all parties in interest that a claim for postpetition charges, properly payable in the chapter 13 plan, was being made.

■ Adequate notice is notice that is appropriate for the purpose given and that is reasonably calculated to give all appropriate parties enough information to allow them to evaluate whether to object to the claim. In this case, that means that HomeSide's proof of claim needed to give anyone who looked at the claim enough information for a determination to be made whether the arrearage claim was correct or was objectionable. Certainly fees not disclosed at all (which is not this case) are not properly noticed. Stating simply that the arrearage claim included attorneys fees was not proper notice either. The fees could be prepetition fees, postpetition/preconfirmation fees or postpetition/postconfirmation fees. A trustee cannot determine if the fees should be paid through a plan with the notice provided nor can any other party. Inadequate notice can result in a creditor receiving more funds through a plan than it is entitled to receive. Other creditors then receive less.[4]

■ The *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) case, and its progeny hold that "state action affecting property must generally be accompanied by notification of that action." *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 484, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565 (1988). Whether a notice is reasonable depends on the particular circumstances. *Id.*, 485 U.S. at 484, 108 S.Ct. 1340.

■ The Court realizes that no exact degree of specificity is required by the Code or Rules. A proof of claim "must contain a demand by the creditor against the debtor's estate, and an intent to hold the debtor's estate liable." *In re Bloomingdale Partners*, 160 B.R. 101, 107 (Bankr.N.D.Ill.1993) (citing *Liakas v. Creditors' Committee*, 780 F.2d 176, 178 (1st Cir.1986)). This Court concludes the minimum specificity is as stated in the December 29, 2000, opinion. Otherwise

---

**3.** Any party in interest can object to claims and seek reconsideration of claim allowance or disallowance. 11 U.S.C. § 502(a) and Fed. R. Bankr.P. 3008.

**4.** Mortgage arrearage claims are paid in full over the life of the plan. 11 U.S.C. § 1322(c).

To the extent a mortgage arrearage is paid, other creditors—typically unsecured ones—receive less than 100% of their allowed claim, or the debtor must increase his plan payment to cover any deficit.

the trustee and creditors, even if the debtor knows what the charge is, are not given sufficient information as to the claim. A fee application would require very specific information about any attorneys fees charged. Fed. R. Bankr.P.2016. By contrast, to require essentially no disclosure, or very limited disclosure, on a proof of claim is inappropriate.

HomeSide cites the Eleventh Circuit case of *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988) as support for its position. Alton concludes that a creditor with actual knowledge of a bankruptcy case could not escape the bar date for filing of dischargeability complaints even though the creditor did not receive any notice of filing of the case from the bankruptcy court and was not listed on the debtor's schedules. Sheffield's case is different in two ways from the Alton case: (1) A creditor who receives actual notice of a bankruptcy case, by looking at the Bankruptcy Code, can determine that there are filing deadlines which cannot be missed. A creditor with actual knowledge has external sources to obtain information about necessary facts. In Mr. Sheffield's case, the knowledge a debtor or other party in interest needs about HomeSide's claim is not public information; it is information solely within HomeSide's control. (2) If the creditor fails to act, i.e. does not file a claim or complaint, based upon his knowledge, no other parties are injured. In Sheffield's case, any fees which are not true postpetition/preconfirmation fees which are collected through the plan affect more than the debtor. Other creditors will receive a lesser distribution than otherwise would be paid.

### 3.

As to the other issues raised, the Court stands on its prior ruling.

THEREFORE, IT IS ORDERED:

1. The motion of HomeSide Lending, Inc. for reconsideration of the order denying summary judgment as to Rocky Sheffield's claim is DENIED.

2. A status hearing will be held in this case on May 11, *2001* at 9:00 a.m.