**In re Daniel E. DYKES, Debtor.**

**Barnee C. Baxter, Chapter 13 Trustee Movant,**

**v.**

**Systems & Services Technologies, Inc. Servicing Agent for Aegis Auto Finance, Respondent.**

**In re Craig Rickerson Rhonda A. Rickerson, Debtors.**

**Barnee C. Baxter, Chapter 13 Trustee Movant,**

**v.**

**Americredit Financial Services, Respondent.**

**Nos. 99–30179, 01–30455.**

United States Bankruptcy Court, S.D. Georgia, Dublin Division.

Dec. 9, 2002.

Franklin D. Hayes, Douglas, GA, for Daniel E. Dykes.

Jacquelyn D. Sanders, Dublin, GA, for Craig Rickerson and Rhonda A. Rickerson.

Craig B. Lefkoff, Atlanta, GA, Todd Boudreaux, Shephard, Plunkett, Hamilton & Boudreaux, LLP, Augusta, GA, for Systems & Services Technologies and Americredit Financial Services.

## ORDER

JOHN S. DALIS, Chief Judge.

For purposes of this order, I have combined two motions in different cases which raise identical issues. In each case the Debtors filed a Chapter 13 case and sought to repay a debt either to Systems and Services Technologies, Inc, (hereinafter "SST") or Americredit Financial Services (hereinafter "AFS") secured by a motor vehicle. Upon the Debtor's failure to make timely payments, the creditors sought and obtained relief from the automatic stay of 11 U.S.C. § 362(a) in order to repossess and sell the collateral. Chapter 13 Trustee, Mr. Barnee Baxter (hereinafter "Trustee") now seeks reconsideration of an amended deficiency claim filed by SST on behalf of Aegis Auto Finance and the initial claim of AFS. Because neither SST and AFS have complied with Official Code of Georgia Annotated (O.C.G.A.) § 10–1–36 required in the repossession of motor vehicles in order to recover a deficiency and because neither in their request for stay relief sought leave to establish a deficiency claim under applicable state law, SST's and AFS's claims cannot be paid in the Chapter 13 cases.

The Court has jurisdiction to determine these motions as core bankruptcy proceedings under 28 U.S.C. § 157(a) & (b)(2)(B).

## I. Daniel Dykes

Daniel Dykes filed for chapter 13 bankruptcy relief on April 13, 1999. SST filed a claim for $10,018.89, secured by a 1997 Dodge Neon automobile. Mr. Dykes' plan valued the automobile for $8,175.00. The balance of the claim, $1,843.89 was treated as unsecured under the plan. Mr. Dykes was required under the plan to make monthly payments to the Trustee and Trustee would distribute money to creditors including SST. Mr. Dykes defaulted in required plan payments and SST sought relief from the automatic stay of to repossess and dispose of its collateral. I granted stay relief on September 28, 2000, allowing for SST "to recover and dispose of its Collateral, apply the proceeds to its claim in this case with excess proceeds to be turned over to the Chapter 13 Trustee." Order dated September 28, 2000 at p. 2.[1] Upon granting stay relief, the Trustee stopped paying SST's claim. Mr. Dykes amended his Chapter 13 plan to show the surrender of this motor vehicle but did not attempt to alter the treatment of SST's claim under the prior confirmed plan. SST filed a motion to compel reinstatement of both the secured and unsecured portions of its claim on December 29, 2000, which was denied on April 18, 2001. On appeal the District Court affirmed my decision, which was then reversed and remanded by the Eleventh Circuit Court of Appeals. The Eleventh Circuit held that the Trustee abused his authority by unilat-

---

1. The order was "prepared and presented by the law office of Lefkoff & Rubin, P.C. attorney for movant [SST]."

erally altering the status of SST's allowed claim and that Debtor or Trustee should have requested modification or disallowance of SST's claims. The Eleventh Circuit also held that this Court's January 9, 2001 order approving the modified plan did not modify the claim and that I should have granted SST's motion to reinstate its claim. Therefore, SST's claim now remains unchanged in this case.

SST sold the vehicle in December 2000 and recovered $2,072.00, which was less than the remaining debt. SST filed an "amended" claim on January 31, 2001 for $7,946.89 to reflect the payments and credits against the original principal amount due as of the bankruptcy filing of $10,018.89. Trustee now seeks reconsideration of SST's claim and asks me to disallow SST's original and now amended claim.

On July 23, 2002, a hearing was held to determine whether SST' claim should be disallowed after repossession of the motor vehicle. Trustee argues that SST's claim may be reconsidered and must be disallowed under 11 U.S.C. 502(j) because SST chose to repossess its collateral in lieu of Chapter 13 plan payments. Furthermore, Trustee argues that SST is not entitled to any deficiency because SST failed to meet the requirements of O.C.G.A. § 10–1–36, which authorizes a creditor to recover a deficiency *only* if the creditor forwards to buyer written notice of creditor's intent to pursue a deficiency, of buyer's redemption rights, and of buyer's right to demand a public sale. Trustee argues that SST never sought stay relief to send such notice to Debtor, never sent such notice and that it may not now recover any alleged deficiency whether or not such notice was actually sent.

SST argues that Trustee's motion is barred by laches because Trustee waited two years to move for reconsideration, during which time SST has not received any payment for its claim and has suffered irreparable harm. SST also argues that the Court's granting stay relief to SST to repossess collateral does not relieve Mr. Dykes of his obligation to pay the plan. According to SST, 11 U.S.C. § 1325(a)(5)(B) allows for a plan to provide for secured claims only if the holder of the secured claim is allowed to retain its lien and if the value to be distributed under the plan is not less than the secured claim. SST claims that under § 1327, the plan binds all parties unless modified under § 1329. The Trustee may not use § 502(j) to bypass § 1327 and § 1329 to modify the claim without modifying the plan itself. SST also requests to be reimbursed for the funds it would have received under the plan if the Trustee had not stopped paying the claim.

## II. Craig and Rhonda Rickerson

The Rickersons filed for Chapter 13 relief on July 20, 2001. AFS held a claim for $10,403.50, secured by a 1997 Pontiac Grand Am automobile. The value of the collateral at the time of confirmation was $11,000.00. The creditor was slightly oversecured. Under the confirmed plan the Rickersons retained the motor vehicle and paid the allowed secured claim with monthly disbursements through the Trustee. The Rickersons defaulted in required plan payments and AFS moved for and was granted stay relief to repossess the automobile. The motion asked me to "[g]rant movant [AFS] relief from the automatic stay under 11 U.S.C. Section 362(d) so as to allow Movant to recover and dispose of the collateral and to apply the net proceeds generated therefrom to its claim in this case." The May 15, 2002 order authorized AFS to recover and dispose of its collateral. On May 30, 2002 the Trustee moved to have AFS's claim reconsidered and disallowed. This motion was

amended on May 31, 2002 to show that relief from the automatic stay had been granted. A hearing was held on July 23, 2002 on the Trustee's motion. As of the hearing, the collateral had not been repossessed. AFS had attempted self-help repossession twice since the granting of stay relief. The Trustee argues that AFS's claim must be disallowed under 11 U.S.C. § 502(j) because AFS chose to realize on its collateral rather than relying on the confirmed plan for payments. AFS has claimed that it does not anticipate receiving the full confirmed plan value of the collateral. The Trustee argues that because AFS failed to satisfy the notice requirements of O.C.G.A. 10–1–36, AFS is barred from recovering any deficiency claim. The Trustee also asserts that since AFS failed to seek stay relief to establish a deficiency under applicable state law any attempt now to do so is void and of no effect. AFS's arguments are essentially the same as those of SST.

### III. Analysis:

Contrary to what the creditors argue here, the issue in these cases is not whether the confirmed plans may be modified under 11 U.S.C. § 1327 and § 1329, but rather whether reconsideration of an allowed claim under 11 U.S.C. § 502(j) is appropriate under the circumstances of each case. The res judicata effect of plan confirmation and the limitations on the extent of post confirmation modifications imposed under 11 U.S.C. § 1329 are not relevant. In the Dykes case, the Court of Appeals determined that the Trustee abused his authority by unilaterally altering the status of SST's claim because § 1329 and Bankruptcy Rule 3007 require the filing and noticing of a modification to the plan.[2] Accordingly, SST's claims were reinstated under the plan as originally

filed. However, the Court of Appeals specifically did not decide the issue now before me. "This opinion does not speak to whether disallowance or modification of [SST's] secured and unsecured claims would have been legal or appropriate in this case as [Trustee] never requested such specific relief before the bankruptcy court." *Systems & Services Technologies, servicing agent for Aegis Auto Finance v. Daniel E. Dykes debtor and Barnee C. Baxter, trustee (In re Dykes)* No. 01–15683 at p. 3 n. 2, 37 Fed.Appx. 507 (11th Cir., Apr. 26, 2002). He has now "requested such specific relief." 11 U.S.C. § 502(j) provides in relevant part that "[A] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Furthermore, Bankruptcy Rule 3008 governs reconsideration of claims, not Bankruptcy Rule 3007. Bankruptcy Rule 3008 states, "[A] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."

Section 502(j) is directly applicable to the issue now before me. Under section 1327, the confirmation hearing marks the point determining claim validity. *In re Bernard,* 189 B.R. 1017, 1021 (Bankr. N.D.Ga.1996) (citations omitted). Similarly, as the "point of allowance determination," the confirmation triggers the application of section 502(j)'s reconsideration procedures. *Fryer v. Easy Money Title Pawn, Inc. (In re Fryer),* 172 B.R. 1020 (Bankr.S.D.Ga.1994). When read collectively, Sections 1327 and 502(j), determine that confirmation decides claim validity and, after confirmation, the § 502(j) "motion to reconsider" is the only means by which a claim's continued validity may be questioned. *Bernard,* 189 B.R. at 1021;

---

**2.** This is not an issue in the Rickerson case.

*Fryer*, 172 B.R. at 1025 (treating that debtor's "objection" as a section 502(j) motion to reconsider); *Johnson v. Farmer's Furniture Co. (In re Johnson)*, 1990 WL 605089, No. 87–10284 at 2 (Bankr.S.D.Ga. Aug. 13, 1990) (noting that the proper form for post-confirmation claim objections is through a 502(j) motion to reconsider). To that extent, the Court in *Bernard* held that § 502(j) establishes a narrow exception to the otherwise unwavering bar which section 1327 places upon re-litigation of claim allowance after confirmation. *Bernard*, 189 B.R. at 1022.

▆▆ SST claims that it is "too late" for the Trustee to file this motion.[3] However, neither Rule 3008 nor § 502(j) place a time limit for filing a motion for reconsideration. *In re Coleman*, 200 B.R. 403, 407 (Bankr.S.D.Ala.1996); *Bernard*, 189 B.R. at 1021; *In re Lee*, 189 B.R. 692, 695 (Bankr.M.D.Tenn.1995); *Fryer*, 172 B.R. at 1024; 5 Norton Bankruptcy Law and Practice 2d, § 122:12, p. 122–117 & 122–118 (citations omitted) ("Res judicata does not apply to the post-confirmation reconsideration of the allowance of a claim, or to determination of the precise amount of each creditor's claim.... A confirmed plan... does not stop a trustee from filing a motion to reconsider a previously allowed or disallowed claim under § 502(j).").

> Reconsideration of both allowed and disallowed claims may occur at any time before a case is closed, but in such reconsideration the court must weigh the extent and reasonableness of any delay, or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith.

*Fryer*, 172 B.R. at 1024 (citations omitted). See also *Bernard* 189 at 1022. Under § 502(j) "cause" is required to reconsider a

claim. Whether such "cause" exists turns on the facts of the individual case. *Bernard*, 189 B.R. at 1022; *Lee*, 189 B.R. at 696; *Fryer*, 172 B.R. at 1024. Moreover, the court has substantial discretion regarding whether to grant reconsideration under Section 502(j). *Id.*

▆▆ SST argues that because the Trustee waited almost two years to file this motion to reconsider, I should find that they waited too long and he does not have cause for reconsideration. In this case SST has failed to allege much less prove any prejudice occasioned by the Trustee's delay. The Trustee has not paid anything on SST's claim since the grant of stay relief and is not seeking disgorgement. There is no allegation that delay now hampers SST's ability to defend the motion. The facts, the proof and legal authority are the same today as when stay relief was granted, the event upon which the Trustee relies in his motion to reconsider. Whether SST complied with applicable state law is determined following repossession. The fact that the Trustee waited until after the Eleventh Circuit Court of Appeals decision to move for reconsideration had no impact on SST's post relief conduct. SST either complied with state law, providing the notice within 10 days, or not. The granting of relief from the automatic stay to repossess and sell the collateral is sufficient "cause" to grant reconsideration of both SST's and AFS's claims under § 502(j). *In re Zieder*, 263 B.R. 114, 117 (Bankr.D.Ariz.2001) (liquidation of the collateral by the secured creditor is adequate cause to reconsider a previously allowed secured claim, even after confirmation of the chapter 13 plan.)

Section 502(j) allows the court to reconsider claims that have already been allowed or disallowed. Having found cause

---

**3.** This is not an issue in the Rickerson case.

to reconsider each claim, I now turn to applicable nonbankruptcy law to determine if a deficiency claim is recoverable outside of bankruptcy. *See* 11 U.S.C § 558.[4] Under Georgia law, when a secured creditor repossesses a motor vehicle following default in payments, the secured creditor is not entitled to recover against the buyer any deficiency claim unless within ten (10) days of the repossession, the creditor forwards by registered or certified mail written notice of the creditor's intent to pursue a deficiency claim against the buyer, notice of the buyer's rights of redemption, and notice of the buyer's right to demand a public sale of the motor vehicle. O.C.G.A. § 10-1-36.[5]

■ If the creditor cannot establish that the required notice was sent, then recovery is barred. *See Id.,* 5 Ga. Jur. Uniform Commercial Code § 11:209, *Whitley v. Bank South, N.A.,* 185 Ga.App. 896, 366 S.E.2d 182 (1988) (notice sent to the daughter of the cosigner did not comply with notice provision required in order for bank to recover deficiency against cosigner), *Doughty v. Associates Commercial Corporation,* 152 Ga.App. 575, 263 S.E.2d 493 (1979) (seller's failure to send the buyer a notice of deficiency within 10 days of repossession of the motor vehicle barred its deficiency claim), *Sikes & Swanson Pontiac–GMC Truck, Inc. v. Cantrell (In re Cantrell),* 194 Ga.App. 818, 392 S.E.2d 36 (1990) (compliance with statute governing repossession of motor vehicle is a condition precedent to recovery of any deficiency in connection with the repossessed vehicle).

■ SST's attempted post confirmation modification of its previously allowed claim without court approval was void. The appropriate procedure was to request reconsideration under § 502(j) and Bankruptcy Rule 3008 of its previously allowed claim with opportunity for objection by parties in interest. In this case not only did SST fail to seek court approval to alter its claim but also failed to comply with Local Bankruptcy Rule for the Southern District of Georgia LBR 3001-1[6] requiring service of all proofs of claim upon debtors' counsel. "I mean may be we did not serve the claim under the local rules, etcetera." Statement by SST's counsel hearing transcript July 23, 2002, p. 13. The allowance of the original proof of claim does not allow a

**4.** 11 U.S.C. § 558 provides:

The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

**5.** O.C.G.A. § 10-1-36 provides in relevant part: When any motor vehicle has been repossessed after default in accordance with Part 5 of Article 9 of Title 11 [Georgia Code], the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or

holder's intention to pursue a deficiency claim against the buyer. . . .

**6.** Local Bankruptcy Rule for the Southern District of Georgia LBR 3001-1(c) provides:

(c) Service. All creditors and their counsel who file a proof of claim in this Court are hereby directed to serve by First Class Mail a true copy of said proof of claim and all attachments thereto upon the debtors' counsel of record at the address of said debtors' counsel shown on the Notice of the Creditors Meeting convened pursuant to 11 U.S.C. § 341. The filing of such a proof of claim shall constitute a certificate by said creditor and/or its counsel that this order has been complied with. Said creditors and/or their counsel are, however, directed not to file any separate certificate of service in the Clerk's Office.

creditor to amend the claim at any time without notice to parties in interest.

Even assuming that SST had attempted compliance with O.C.G.A. § 10–1–36 that action would have been void as violative of the § 362(a) stay. *See Stone et al. v. George F. Richardson, Inc.*, 169 Ga.App. 232, 312 S.E.2d 339 (1983), *3 Collier on Bankruptcy*, para 362.11 p. 362–115 (15th ed.2002); *see also Bank of America National Trust and Savings Association v. Virginia Hill Partners I*, 110 B.R. 84,87 (Bankr.N.D.Ga.1989) ("ordinarily a stay relief to permit foreclosure, without more, carries no presumption that foreclosure confirmation proceedings or actions for a deficiency are also authorized."); *First American Savings Bank v. Russell Corp.*, 156 B.R. 347, 350 (Bankr.N.D.Ga.1993) (stating that it is not unreasonable to require specific language in the relief from stay order to also lift the stay to allow the creditor to seek a deficiency judgment after the foreclosure sale). In this case SST got exactly what it asked: leave "to recover and dispose of its collateral, apply the proceeds to its claim in this case with excess proceeds to be turned over to the Chapter 13 Trustee."[7] SST did not seek and was not granted relief from the stay of § 362(a)(6) which bars "[a]ny act to collect, access or recover a claim against the debtor that arose before the commencement of the case under this title." Pursuant to § 362(d) the stay of § 362(a)(5) was modified only to permit an "... act to ... enforce against property of the debtor [a] lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." SST sought relief to proceed in rem, against the motor vehicle, its collateral, and got that relief. SST could have sought relief to comply

with O.C.G.A. § 10–1–36 and establish a deficiency but it failed to do so and is now barred by the 10–day limitation under that Georgia Code provision. *See In re Russell*, 156 B.R. at 350 (requiring specific language in the relief of stay to seek a deficiency judgment). Based on the limited relief sought and granted, no debt remained on the claim in this case for the Trustee to pay. The Trustee was required to stop paying the claim and under the directive of the Court of Appeals does so by seeking reconsideration of the claim.

As for AFS, the relief from stay was granted on May 15, 2002. The facts show that since May 15, 2002 there have been two self help attempts to repossess the car but AFS has yet to seek recourse in the Georgia courts to compel turnover of its collateral.

Just as in SST's case AFS got exactly what it asked for: relief from § 362(a)(5) to proceed in rem, against its collateral but was not granted relief from § 362(a)(6) to proceed against the debtor to establish a deficiency under O.C.G.A. § 10–1–36. Assuming AFS has yet to seize its collateral it may again seek stay relief for leave to establish a deficiency. However, under the circumstances of this case based on the relief requested and granted there remains no obligation to pay. AFS has sought and was granted leave to foreclose its security interest in the motor vehicle but remains barred by § 362(a)(6) from acting in any way to establish a deficiency.

Both creditors further argue that it is antithetical to the Bankruptcy Code to disallow their claims. They argue that if claims can be disallowed after confirmation, then all debtors will choose to keep the collateral, use it and depreciate it, and

---

7. In this case the claim is based on a debt, an obligation of the debtor to pay money to the creditors, nothing more.

then when it is of no consequential value to them, surrender it. At which point, if the creditor is not allowed its claim, then the creditor will not receive the full amount of its allowed claim. As they correctly point out, the Code requires a debtor to propose a plan that complies with § 1322 and § 1325. However, the Bankruptcy Code does not determine debt. The Bankruptcy Code provides a framework for dealing with that debt established under applicable nonbankruptcy law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (property interests are created and defined by state law.) These creditors miss the point. It is not whether the distributions under a confirmed plan may be altered, but whether the creditor has a debt remaining to be dealt with under the confirmed plan. Upon the granting of relief from stay to foreclose a security interest in property of the debtor, cause exists to reconsider an allowed claim of that creditor and disallow such claim until the creditor demonstrates that a debt remains following foreclosure requiring payment under the confirmed plan. *In re Zieder*, 263 B.R. 114, 117 (liquidation of the collateral by the secured creditor is adequate "cause" to reconsider a previously allowed secured claim.) SST did not comply with state law. Mr. Dykes owes SST nothing more. No obligation to pay. No debt. No allowable claim. 11 U.S.C. § 101(12) defines "debt" as a "liability" on a claim. 11 U.S.C. § 101(5) defines "claim" as "a right to payment . . . ." If there is no debt there is no right to payment, and there is no claim in a bankruptcy case. AFS may yet seek stay relief and attempt to comply with applicable state law and seek allowance of an unsecured deficiency claim. *Id* (when collateral is disposed of and claim is reconsidered for cause it becomes an unsecured claim by operation of law because there is no collateral securing the claim.) Any deficiency claim will necessarily be unsecured because there is no collateral existing, the motor vehicle having been repossessed and sold to pay the debt. To the extent AFS believes that the default by the Rickersons under the confirmed plan has resulted in a failure of adequate protection it may seek allowance of an administrative expense priority claim under 11 U.S.C. § 507(b) and the procedures outlined by me in *Davis–McGraw, Inc. v. Johnson (In re Johnson)*, 247 B.R. 904 (Bankr.S.D.Ga.1999).

The Trustee is fulfilling his responsibility to the court and the other creditors by seeking reconsideration of the previously allowed claims under the circumstances in each of these cases. In *Dykes* what is antithetical to the Bankruptcy Code is for the Trustee to continue to pay SST on an allowed secured claim ahead of general unsecured creditors when not only is there no remaining collateral to establish a secured claim but no debt to pay under applicable nonbankruptcy law. As to AFS by seeking and obtaining stay relief to proceed in rem this creditor is barred by the remaining provisions of the § 362 stay from establishing a deficiency. Therefore, under the circumstances of these cases upon the grant of stay relief, reconsideration and disallowance of the balance due on any claim based on a debt secured by an interest in the property that is the subject of the grant of stay relief is not only appropriate but required to maintain fair and equitable treatment of the remaining creditors and their allowed claims.

Accordingly, based upon SST's failure to comply with applicable nonbankruptcy law (O.C.G.A. § 10–1–36), SST is barred from recovering anything else from Mr. Dykes. It is ORDERED that the Trustee's motion to reconsider the claim of SST is granted and the claim is disallowed and stricken; and

It is further ORDERED that the motion of the Trustee to reconsider the claim of AFS is granted and the claim is also disallowed. Under the terms of the grant of relief from stay AFS cannot comply with O.C.G.A. 10–1–36 to establish a deficiency.

Its recourse is presently limited to its collateral.